## (February 14, 1980)

■ In the Matter of SAMUEL J. GREEN, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul a determination of the Commissioner of Education, which revoked petitioner's license to practice engineering. Petitioner, a licensed engineer, was charged with unprofessional conduct within the purview and meaning of subdivision (9) of section 6509 of the Education Law, as further defined by the Rules of the Board of Regents (8 NYCRR 68.1 [b] [1], now 8 NYCRR 29.1 [b] [3]). Specifically, petitioner was charged with actually paying sums of money as gifts, bribes or other consideration to a political county chairman to influence the award of certain consulting engineering contracts. Concededly, petitioner paid the money and received the contracts. He was also charged with unprofessional conduct in filing false and fraudulent Federal income tax returns claiming the unlawful payments as ordinary and necessary business expense deductions. After a hearing petitioner was found guilty of unprofessional conduct upon each specification, and it was recommended that his license be revoked on each specification. The respondent adopted the Regents Review Committee's recommendation that petitioner's license be revoked, but determined that the hearing panel's finding of guilt on the income tax charge not be accepted. The instant proceeding was brought to annul the determination. There must be a confirmance. Initially, we note that our review of the determination and the extent of the sanction imposed is strictly limited *(Matter of Pell v Board of Educ.,* 34 NY2d 222). We must not disturb the findings of the administrative agency unless they are so devoid of factual basis as to be arbitrary, unreasonable and thus an abuse of discretion

*(Matter of Rolla v Barry,* 70 AD2d 717). Such is not the case here. Concededly, petitioner paid the money and received the contracts. He contends, however, that he was the victim of extortion and not the giver of bribes or gratuities. The record does not substantiate this contention. It clearly demonstrates that petitioner voluntarily engaged in a scheme of paying money to those in influence to obtain contracts for his firm. Considering the record in its entirety, there is substantial evidence to sustain the determination and, therefore, it must be confirmed *(Matter of Purdy v Kreisberg,* 47 NY2d 354). We have considered petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.