■ In the Matter of PETER FLACK, Petitioner, v COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78, initiated in this court pursuant to subdivision 4 of former section 6510 of the Education Law, to annul a determination of the Commissioner of Education suspending petitioner's license and registration to practice engineering. Two charges of unprofessional conduct were lodged against petitioner, a licensed engineer, and he was found guilty of both following a hearing (see Education Law, § 6509, subd [9]; former 8 NYCRR 68.1 [b] [1]). The hearing panel recommended that his license be suspended for a period of two years with the last year thereof stayed and that he be placed on probation, but the Regents Review Committee recommended a modification to the extent of finding petitioner not guilty of the second specification and staying the entire term of suspension. Although the Regents accepted the committee's view of the charges, it imposed the measure of discipline originally suggested by the hearing panel. Petitioner asserts that the finding of unprofessional conduct is affected by an error of law and is not supported by substantial evidence. We disagree. Although there may be no impropriety in making a political contribution, the specific regulation he allegedly violated enjoined payments "to influence the award of professional work" (8 NYCRR 68.1 [b] [1]). It was established, indeed conceded, that petitioner paid invoices submitted by a firm which had performed no services for him as a means of contributing to a political party, and that he had done so by prearrangement at the behest of a party leader. Whether the invoices represented legitimate charges for services actually rendered to the political body is irrelevant; the conclusion properly drawn from this evidence and petitioner's testimony was that his motivation for undertaking the transaction fell squarely within the regulatory prohibition. We also reject his claim of an infringement of due process rights. The applicable statutory procedures were meticulously followed and petitioner has not shown that fundamental fairness demanded anything more. Lastly, we do

not find the sanction imposed to be shockingly disproportionate to the proven misconduct (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). Accordingly, the determination should be confirmed and the petition dismissed (cf. *Matter of Green v Board of Regents of Univ. of State of N.Y.*, 74 AD2d 670). Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.